**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENDRIK J. DORSSERS; CONCEPT DORSSERS,<br><br>Appellants,<br><br>v.<br><br>JAMES F. RIGBY, JR., Trustee, solely in his capacity as Chapter 7 trustee of the bankruptcy estate of Michael R. Mastro,<br><br>Appellee. | No. 13-35351<br><br>D.C. No. 2:11 cv-2077- BJR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, Senior District Judge, Presiding

Argued and Submitted July 8, 2014
Seattle, Washington

Before:     ALARCÓN, TASHIMA, and MURGUIA, Circuit Judges.

Hendrik Dorssers and Concept Dorssers (together, "Dorssers") appeal the

district court's decision affirming the judgment of the bankruptcy court.  The

district court had jurisdiction under 28 U.S.C. § 158(a)(1), and we have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under 28 U.S.C. § 158(d)(1). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo, *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 763 (9th Cir. 2000), and we affirm.

1. The bankruptcy court did not clearly err in finding that the February Note and Medina Deed of Trust were never consummated. *See Willener v. Sweeting*, 730 P.2d 45, 49 (Wash. 1986). Likewise, the bankruptcy court did not clearly err in discrediting Dorssers' self-serving testimony that Dorssers held the February Note, *see Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010); in finding that Thomas Hazelrigg, III, was not Dorssers' agent, *see Nordstrom Credit, Inc. v. Dep't of Revenue*, 845 P.2d 1331, 1335 (Wash. 1993); or in finding that the payments Dorssers received related to the November Note, not the February Note, *see Willener*, 730 P.2d at 49. In each instance, the bankruptcy court's findings were supported by Dorssers' own testimony. The bankruptcy court also did not err in concluding that the February Note and Medina Deed of Trust were invalid sham transactions and avoidable fraudulent transfers.

2. The bankruptcy court did not clearly err in finding that Dorssers failed to establish a good faith defense under 11 U.S.C. § 548(c). *See Figter Ltd. v. Teachers Ins. & Annuity Ass'n of Am. (In re Figter Ltd.)*, 118 F.3d 635, 638 (9th Cir. 1997). The bankruptcy court provided a lengthy list of objective, well-

supported reasons for finding that Dorssers lacked good faith.  Dorssers' contrary

arguments, which concern his subjective good faith in Michael Mastro, do not

undermine the bankruptcy court's finding.  *See Hayes v. Palm Seedlings Partners-*

*A (In re Agric. Research & Tech. Grp., Inc.)*, 916 F.2d 528, 536 (9th Cir. 1990).

    **AFFIRMED.**